IRVING, P.J.,
for the Court:
¶ 1. On November 10, 2010, a jury convicted Barry Love of capital murder for the death of Jessie Earl Hill.[1] Additionally, *941 the jury convicted Love of two counts of aggravated assault and conspiracy to commit armed robbery. The Grenada County Circuit Court sentenced Love to life without eligibility for parole or probation for capital murder, twenty years for each count of aggravated assault, and five years for conspiracy. The sentences were ordered to run concurrently and to be served in the custody of the Mississippi Department of Corrections.
¶ 2. On November 18, 2010, Love filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied. Feeling aggrieved, Love appeals and argues that he was entitled to a jury instruction on duress and that he received ineffective assistance of counsel.
¶ 3. Finding no error, we affirm.
FACTS
¶4. On November 14, 2008, brothers Ricky, Jessie, and Jimmy Hill, gathered at their shop with a group of friends, which included Jimmy Cook Jr. and Donnie El-more, to cook, drink, and play dice. At some point, Ricky and Jimmy heard a knock on the door. When they opened the door, no one was there. John Holt, who was sitting in his truck outside the shop, told them that he had seen four men with guns standing at the door; however, the four men, later identified as Love, Robert Landfair, Detrius Roberson, and Justin James, were, at that point, hiding on the other side of Ricky’s truck, which was parked nearby.
¶ 5. As Ricky and Jimmy walked toward the truck, James stepped from behind the truck and told Ricky to get on his knees because they were “fibrin to rob” them. James told Ricky to crawl back toward the shop. When Jimmy heard James threaten Ricky, he ran back inside the shop, and Love chased him. Once inside the shop, Love allegedly fired his gun in the air three or four times. Roberson and Land-fair then entered the shop and demanded money from those inside. Ricky testified that, once he made it back to the shop, he heard ten or fifteen more shots but could not recall who was shooting. Afterward, Jessie was found dead with a gunshot wound to his chest. A bullet had grazed Cook on his side and Elmore was shot in the leg. The four men left the scene without taking any money.
¶ 6. At trial, Love testified that Roberson asked him to go with him to the Hill brothers’ shop to get some money from Ricky Walker, who was at the shop. Love explained that he found out that an armed robbery had been planned once Roberson handed him a gun and a red t-shirt to cover his face. Love testified that he only participated in the armed robbery because he was in fear for his life. He stated that he believed that if he had tried to back out of the robbery, the other three men would have killed him.
*942 ¶7. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Duress Instruction

¶ 8. Love argues that he was entitled to a jury instruction on duress. When confronted with issues concerning jury instructions, an appellate court’s “primary concern is that ‘the jury was fairly instructed and that each party’s proof-grounded theory of the case was placed before it.’” Banyard v. State, 47 So.3d 676, 681 (¶ 11) (Miss.2010) (quoting Young v. Guild, 7 So.3d 251, 259 (¶24) (Miss. 2009)). A defendant is entitled to jury instructions that support his theory of the case, even when the evidence supporting his theory is “weak, inconsistent, or of doubtful credibility.” Id. at (¶ 12) (citing Ellis v. State, 778 So.2d 114, 118 (¶ 15) (Miss.2000)). Evidence supporting the defendant’s theory of the case may even arise from the his own testimony. Id.
¶ 9. Love testified that he was acting under duress while participating in the armed robbery. The only mention of duress occurred during Love’s testimony. However, Love’s testimony alone was sufficient to support his theory of the case; therefore, he was entitled to a jury instruction on duress.
¶ 10. Generally, an appellate court will not hold a circuit court in error for issues not presented to it for ruling. Moffett v. State, 49 So.3d 1073, 1114 (¶ 139) (Miss.2010). Despite Love’s attorney’s failure to request an instruction on duress, our review of the jury instructions given reveals that duress was adequately addressed. The State offered and the circuit court granted an instruction stating that Love had to “deliberately associate himself ... with the crime” and that he had to “voluntarily participate in [the crime’s] commission.” This jury instruction, although lacking the word “duress,” adequately covered the issue of duress, thus presenting Love’s theory of the case to the jury. As such, this issue is without merit.

2. Ineffective Assistance of Counsel

¶ 11. Love’s ineffective-assistance-of-counsel claim rests on his trial counsel’s failure to request a jury instruction on duress. However, as discussed above, Love’s theory of the case was presented to the jury through other instructions. Therefore, Love’s ineffective-assistance-of-counsel claim is without merit.
¶ 12. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, CAPITAL MURDER, AND SENTENCE OF LIFE WITHOUT ELIGIBILITY OF PAROLE OR PROBATION; COUNT II, AGGRAVATED ASSAULT, AND SENTENCE OF TWENTY YEARS; COUNT III, AGGRAVATED ASSAULT, AND SENTENCE OF TWENTY YEARS; COUNT IV, CONSPIRACY, AND SENTENCE OF FIVE YEARS, WITH THE SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.

. Because the murder occurred during the commission of a robbery, Love was charged *941 with capital murder pursuant to Mississippi Code Annotated section 97-3-19(2)(e) (Rev. 2011), which provides:
(2) The killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases:
[[Image here]]
e) When done with or without any design to effect death, by any person engaged in the commission of the crime of rape, burglary, kidnapping, arson, robbery, sexual battery, unnatural intercourse with any child under the age of twelve (12), or non-consensual unnatural intercourse with mankind, or in any attempt to commit such felonies[J